UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN JOSEPH LOTIERZO,

       Movant,

                                   Case No. 1:16-CV-732

v.

                                   HON. PAUL L. MALONEY

UNITED STATES OF AMERICA,

       Respondent.
_____/

**OPINION**

Before the Court is Movant Steven Joseph Lotierzo's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 (ECF No. 1) and motion to appoint counsel (ECF No. 2). The Government has filed a response (ECF No. 23). For the reasons that follow, the motions will be denied.

**I.**

In July 2014, Movant pleaded guilty to conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(C). (Plea Agreement, *United States v. Lotierzo*, No. 1:13-cr-250 (W.D. Mich.), ECF No. 30.) When the Court calculated his range of sentence under the Sentencing Guidelines (188 to 235 months), it enhanced Movant's criminal history score because he has at least two prior convictions in California for possession of a controlled substance for sale (methamphetamine), each of which qualify as a "controlled substance offense" under § 4B1.2 of the Guidelines. The Court granted Movant's motion

for a downward variance and sentenced him to a term of 144 months in prison followed by 3 years of supervised release. He did not appeal his sentence.

In his motion under § 2255, Movant asserts that the "convictions used as predicate offenses to enhance [his] sentence[] with the career offender provision[] no longer qualify as predicates due to" the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and California State Proposition 47. (Mot. under § 2255, ECF No. 1, Page ID.5.) He also contends that his counsel was ineffective for failing to object to the "career criminal enhancement based on predicates that should not have qualified as such." (*Id.* at PageID.6.)

## II.

Respondent asserts that Movant's claims are meritless and, in the alternative, Movant waived his right to seek relief under § 2255 when he entered into his plea agreement. The Court agrees.

**A. Merits**

1. *Johnson* claim

In *Johnson*, the Supreme Court held that a clause in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), is unconstitutionally vague. This case is not helpful for Movant because he was not sentenced under the ACCA. Moreover, the vagueness analysis in *Johnson* does not apply to the advisory Sentencing Guidelines. *Beckles v. United States*, 137 S. Ct. 886, 894 (2017). Thus, this claim is meritless.

2. Ineffective Assistance of Counsel

Movant argues that counsel was ineffective for failing to object to the "career-criminal enhancement" to his sentence in light of California Proposition 47. To establish that his counsel was constitutionally ineffective, Movant must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced

2

Movant, resulting in an unreliable or fundamentally unfair outcome. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

Passed in November 2014, Proposition 47 reduced some felony theft and drug-possession offenses to misdemeanors. *People v. Perkins*, 197 Cal. Rptr. 3d 743, 747 (Cal. Ct. App. 2016). Movant contends that Proposition 47 reduced his prior felony drug convictions to misdemeanors, and thus, they do not count as "prior felony convictions" for purposes of the career-offender provision in § 4B1.1(a) of the Guidelines. He is mistaken. His prior convictions for possession of methamphetamine for sale were not affected by Proposition 47. *People v. Edwards*, No. B263931, 2016 WL 3975305, at *4 (Cal. Ct. App. July 25, 2016), *review granted* (Oct. 12, 2016); *People v. Hall*, No. B260628, 2016 WL 1085650, at *3 (Cal. Ct. App. Mar. 21, 2016), *review granted* (June 8, 2016). "[W]hile Proposition 47 amended Health and Safety Code section 11377, possession of a controlled substance, it did not amend Section 11378, possession for sale, the statute under which [Movant] was convicted." *United States v. Vazcones*, No. 13cr3309-MMA, 2017 WL 1321309, at *3 (S.D. Cal. Apr. 7, 2017) (citing Cal. Pen. Code § 1170.18(a)). Movant's counsel was not ineffective for failing to raise a meritless argument. *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998).

### B. Waiver

Even if Movant's claims had merit, he waived his right to raise them in these proceedings. His plea agreement states:

> Defendant knowingly waives the right to appeal any sentence that is at or below the maximum guideline range as determined by the Court before any upward departure or variance, and the manner in which the sentence was determined on the grounds set forth in Title 18, United States Code, Section 3742. Defendant also retains the right to appeal those objections preserved at sentencing that the Court incorrectly determined the final Guideline range. In addition, Defendant retains the right to appeal a sentence that exceeds the statutory maximum or is based upon an

> unconstitutional factor, such as race, religion, national origin or gender. . . . Defendant also waives the right to challenge such a sentence and the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (except a challenge that goes to the validity of this waiver, such as a claim that the waiver was involuntary or the product of ineffective assistance of counsel).

(Plea Agreement 7-8, *United States v. Lotierzo*, No. 1:13-cr-250 (W.D. Mich.), ECF No. 30.) Movant signed a statement at the end of the agreement, acknowledging that he read the agreement, he understood its terms, and he voluntarily agreed to them. (*Id.* at PageID.68.) In this action, Movant does not contend that his sentence exceeds the maximum range determined by the Court, exceeds the statutory maximum, or is based on an unconstitutional factor like race, religion, national origin, or gender. Nor does he claim that his waiver was not knowing and voluntary or was the product of ineffective assistance of counsel. "[A] defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable." *In re Acosta*, 480 F.3d 421 (6th Cir. 2007). Thus, his claims are waived.

### III.

For the reasons stated above, Movant's motion to vacate, set aside, or correct the sentence imposed upon him by this Court (ECF No.1) will be denied because it is meritless and, in any event, he waived the right to bring his claims. In addition, his motion to appoint counsel will be denied because his claims are plainly meritless. Finally, a certificate of appealability will be denied because reasonable jurists would not conclude that this Court's decision to deny relief under § 2255 is "debatable or incorrect." *Slack v. McDaniel*, 529 U.S. 473, 485 (2000).

An order and judgment will enter consistent with this Opinion.

Date:   July 28, 2017                         /s/ Paul L. Maloney
                                              Paul L. Maloney
                                              UNITED STATES DISTRICT JUDGE